# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON/GALVESTON DIVISION

United States Courts
Southern District of Texas
F I L E D

**DEC 1 6 2020**

David J. Bradley, Clerk of Court

| | |
|---|---|
| JABCO OZ Fund, LLC,<br>*Plaintiff,*<br><br>*versus*<br><br><br>Faatuise Roberts, Robert<br>White, 333 Custom<br>Spectrum, Inc., and<br>California's Best<br>Distributors, LLC,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

§ §

**Civil Case Action Number**

## 2 0 CV 4 2 6 7

## NOTICE OF REMOVAL

Defendants Faatuise Roberts, Robert White, 333 Custom

Spectrum, Inc., and California Best Distributors, LLC Sonny's Beach

Service, Inc., ("Defendants") hereby gives notice of removal of the above-

entitled action from the 080th Judicial District Court of Harris County,

Texas, to the United States District Court for the Southern District of

Texas, Houston/Galveston Division under Title 28 U.S.C., §§ 1333,

1441, and 1446. In support thereof, Defendants respectfully show as

1

follows.

## I. Introduction and Factual Summary

1. Plaintiff JABCO OZ Fund, LLC ("JABCO") is a Texas limited liability company whose members reside in Texas. (Petition, page 2, ¶ 3.)

2. Defendants Faatuise Roberts, Robert White, 333 Custom Spectrum, Inc., and California Best Distributors, LLC Sonny's Beach Service, Inc. are all California residents, and all the members of California Best Distributors, LLC reside in California. (Petition, page 2, ¶¶ 4-7.)

3. On or about March 5, 2020 Plaintiff JABCO filed its Original Petition in the 080th Judicial District Court of Harris County, Texas.

4. Plaintiff's JABCO's Original Petition alleges that is delivered 370 liters of CBD crude oil worth $684,000 to Defendants in California for Defendants. "CBD" is the common name for Cannabidiol, a derivative of the Cannabis sativa L. hemp, usually made from "hemp" (a Cannabis plant having less 0.3% Delta 9 THC). See https://www.webmd.com/vitamins/ai/ingredientmono-1439/cannabidiol-

cbd#:~:text=Cannabidiol%20is%20a%20chemical%20in,in%20the
%20Cannabis%20sativa%20plant.

5. Plaintiff JABCO delivered its CBD crude oil to Defendants in
   California for Defendants to remove the Delta 9 THC content of
   Plaintiff JABCO's cannabis oil to make it saleable since JABCO's
   cannabis, CBD oil's Delta 9 THC content exceeded federal and
   state legal limits.

6. CBC crude oil is generally made from the Cannabis sativa L. plant
   that has less than 0.3% Delta 9 THC dry weight per volume
   ("hemp" [see 7 U.S. Code, § 1639o]), because *if* the Delta 9 THC
   levels of the Cannabis sativa L. plants exceed 0.3% Delta 9 THC
   content in their dry weight per volume, then the Cannabis sativa
   L. plants and their derivatives are "cannabis" and not hemp under
   the U.S. Controlled Substances Act, Title 21 U.S.C., § 802(a)(16).
   See https://www.federalregister.gov/documents/2020/08/21/2020-
   17356/implementation-of-the-agriculture-improvement-act-of-
   2018.

7. Plaintiff JABCO further alleges that after Defendants remediated
   JABCO's CBD crude oil, the resulting damage to its oil's CBD
   content rendered the JABCO CBD crude valueless "unsaleable

and useless" (Petition, page 1, introductory paragraph).

///

8. Plaintiff JABCO seeks more than $100,000 in monetary relief against Defendants. (Petition, page 1, ¶ 1.)

## II.  Timeliness of Removal

9. On or about the late evening of November 5, 2020, Defendant Robert White received a copy of Plaintiff JABCO's subject Petition.

10.    Defendants have therefore timely removed plaintiff JABCO's Texas State Court Petition here under Title 28 U.S.C. §1446(b), *Board of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.,* 478 F.3d 274, 278 (5th Cir. 2007), FRCP 6(a) and 26(a) and (c), and under *Milburn v. Zurich Am. Ins. CO.,* 334 F.R.D. 190, 191-192 (E.D. Mo. 2020), as the first defendant to receive notice of Plaintiff JABCO's Petition sought removal along with the unserved co-defendants "within 30 days" from receipt of Plaintiff JABCO's Petition, in that the 30th day, December 5, 2020, is a Saturday, giving Defendants until the following Monday to file this Notice of Removal, and *all* Defendants join in this Notice of Removal.

///

///

///

## III. Basis for Removal

11.     On its face, the Petition shows complete federal diversity

jurisdiction exists in a civil action between residents of different

States (Texas for plaintiff and California for all defendants) where

Plaintiff is admittedly seeking more than $100,000 in monetary

damages against Defendants and each of them, thereby invoking

federal diversity jurisdiction.

12.     Specifically, JABCO's Petition shows that Plaintiff seeks

$683,935 in damages from Defendants. (Petition, page 13, ¶ 59.)

Plaintiff JABCO also seeks additional exemplary damages against

Defendants. (Petition, page 14, ¶ 61.) So, the amount in

controversy requirement is met on the face of the Petition.

13.     Additionally, federal question jurisdiction exists in that the

face of the Petition shows that Plaintiff JABCO unlawfully moved

a federally controlled substance, a Cannabis oil containing more

than 0.3% Delta 9 THC (hence the need for Defendants'

remediation services) across State lines in violation of the Controlled Substances Act, even if the Plaintiff's Cannabis oil came from "hemp," which Congress has defined as "(1)HEMP The term 'hemp' means the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." 7 U.S. Code § 1639o(1). Thus, there is an issue whether Plaintiff has unclean hands under federal law by making and performing a federally illegal contract with Defendants based on the facts pled in Plaintiff's Petition.

14. That is, Plaintiff JABCO could neither transport nor contract to have Defendants remediate the Delta 9 THC from Plaintiff JABCO's CBD crude oil lawfully, as no exception to the federal Controlled Substances Act under the federal Agricultural Improvement Act of 2019 exists when the Delta 9 THC content is too high, which is material question of federal law implicated by Plaintiff JABCO's claims against Defendants. See, e.g., https://www.ams.usda.gov/sites/default/files/HempExecSumandLe

galOpinion.pdf.

///

///

///

## IV.   All Defendants Consent to Removal

15.     All Defendants join in or consent to the removal of this case

to federal court under Title 28 U.S.C. §1446(b)(2)(A) and have

authorized their attorneys of record signing below under FRCP 11

to file this Notice on their behalf.

## V.   Defendants Have Given Notice of this Notice

16.     Under Title 28 U.S.C. § 1446(d), prompt written notice of the

filing of this Notice of Removal is being given to all parties, and a

true and correct copy of the Notice of Removal that is being sent to

the Harris County District Clerk for filing is attached.

## VI.   Defendants' Compliance with Title 28 U.S.C. § 1446(a)

17.     Under Title 28 U.S.C. § 1446(a) and Local Rule 81 for the

United States District Court for the Southern District of Texas,

the following items are attached to this Notice of Removal: The

state court file documents are attached as Exhibit A is the Petition

filed in State Court being removed here, and Exhibit B consists of the State Court documents to the extent currently available to Defendant and the balance of the additional information required under Local Rule 81(6).

## VII.    This District and Division Is the Proper Venue

18.    Venue for removal is proper in this district under Title 28 U.S.C. 1446(a) because the state court in which this action has been pending is in this district and division.

*///*

*///*

*///*

## VIII. Conclusion and Request for Relief

19. All prerequisites for removal are satisfied, and removal is proper under Title 28 U.S.C. §§ 1333, 1441(a), and 1446. Defendants respectfully request that this Court remove this lawsuit to the Southern District of Texas, Houston/Galveston Division and for any other relief that is proper.

Respectfully submitted,

HORWITZ + ARMSTRONG

By: _____
John R. Armstrong
Calif. State Bar No. 183912
Horwitz + Armstrong,
A professional law corporation
14 Orchard, Suite 200
Lake Forest, CA 92630
Tel. 949-540-6540
Fax 949-334-0696
Cell 949-390-4307
www.horwitzarmstrong.com
email:
jarmstrong@horwizarmstrong.com